IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DANIEL CAGEY,<br><br>  Plaintiff,<br><br>vs.<br><br>C/O MARTHALER, LEROY KIRKEGARD, MIKE BATISTA, and ROBERT LISHMAN,<br><br>  Defendants. | CV 16-00017-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Daniel Cagey has filed an Amended Complaint alleging that Correctional Officer Leroy Marthaler violated his First Amendment Rights, religious rights, and rights under the American Indian Religious Freedom Act when he took away sacred items that he used to practice his religion. (Doc. 8.)

The Court has considered whether Mr. Cagey's claims are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Cagey has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g).

Mr. Cagey's claims under the American Indian Religious Freedom Act (AIRFA) fail to state a claim upon which relief may be granted and therefore

1

should be dismissed. AIRFA declares that it is "the policy of the United States to protect and preserve for American Indians their inherent right of freedom to . . . exercise the traditional religions of the American Indian, Eskimo, Aleut, and Native Hawaiians . . . " 42 U.S.C. § 1996. AIRFA is simply a policy statement and "does not create a cause of action or any judicially enforceable individual rights." *United States v. Mitchell*, 502 F.3d 931, 949 (9th Cir. 2007) (*quoting Henderson v. Terhune*, 379 F.3d 709, 715 (9th Cir. 2004)); *see also Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 455 (1988) ("Nowhere in the law is there so much as a hint of any intent to create a cause of action or any judicially enforceable individual rights.")

In addition, Defendants Kirkegard, Batista, and Lishman should be dismissed. Mr. Cagey was advised in the Court's prior Order that once he filed an amended complaint, it would replace the original complaint and the original complaint no longer serves a function in the case. (Order dated March 16, 2016, Doc. 8 at 8 citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). Defendants Kirkegard, Batista, and Lishman were not named in the amended complaint and therefore they should be dismissed.

Dismissal of Mr. Cagey's First Amendment and religious rights claims against Officer Marthaler is not appropriate at this time. *See* 42 U.S.C. §

1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond). Officer Marthaler must respond to the Amended Complaint.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendant Marthaler to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendant chooses to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to

---

[1] Defendants recommended for dismissal do not need to file a responsive pleading at this time.

"waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

2. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);
* Order dated March 16, 2016 (Doc. 6);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in

4

letter form.

4. Mr. Cagey shall not make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Cagey must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Cagey's claims brought under the American Indian Religious Freedom Act should be **DISMISSED**.

2. Defendants Kirkegard, Batista, and Lishman should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cagey may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 4th day of October 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

(3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DANIEL CAGEY,<br><br>Plaintiff,<br><br>vs.<br><br>C/O MARTHALER, LEROY KIRKEGARD, MIKE BATISTA, and ROBERT LISHMAN,<br><br>Defendants. | CV 16-00017-H-DLC-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

To: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against an individual you may represent in this Court under the number shown above. A copy of the amended complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendant

1

was served on the date the waiver is filed, but no summons will be served on Defendant and Defendant will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and complaint on Defendant and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 4th day of October 2016.

        /s/ John Johnston
        John Johnston
        United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DANIEL CAGEY,<br><br>Plaintiff,<br><br>vs.<br><br>C/O MARTHALER, LEROY KIRKEGARD, MIKE BATISTA, and ROBERT LISHMAN,<br><br>Defendants. | CV 16-00017-H-DLC-JTJ<br><br>Rule 4 Waiver of the Service of Summons |

TO: The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case. Defendant also received a copy of the Amended Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

The above-named Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

1

Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against him.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)