IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DANIEL CAGEY, | CV 16-00017-H-DLC-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| C/O MARTHALER, | |
| Defendants. | |

On February 24, 2017, the Court issued an Order requiring Plaintiff, Daniel Cagey, to file an initial disclosure statement as required by Paragraph I(A) of the Court's Scheduling Order within 30 days. (Doc. 17.) Mr. Cagey was specifically advised that a failure to comply with the Court's Order would result in a recommendation that this matter be dismissed. (Doc. 17.) *See Fed.R.Civ.P. 41(b)*; *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987) (a court may dismiss an action, with prejudice, for failure to obey a court order). On February 27, 2017, Defendants filed a Motion for Summary Judgment. (Doc. 19.) Mr. Cagey has not filed a response to that motion.

Based upon Mr. Cagey's failure to comply with the Court's December 14, 2017 Scheduling Order (Doc. 13) and the Court's February 24, 2017 Order (Doc. 17) and Mr. Cagey's failure to respond to Defendants' Motion for Summary

1

Judgment, this matter should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case was filed over a year ago. It is at a critical stage in that it is the beginning of the discovery process and Mr. Cagey has failed to comply with Court

imposed discovery obligations and failed to respond to a dispositive motion. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Cagey refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Cagey's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives.

Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Cagey was made aware of his disclosure obligations in the Court's December 12, 2016 Scheduling Order. (Doc. 11.) The Court gave Mr. Cagey additional time to comply with his disclosure obligations and warned him about the consequences of not complying in its Order dated February 24, 2017. Mr. Cagey did not respond. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court should be directed to close this

matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of April 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.